876 July 29, 2026 No. 725

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CESAR ANTONIO SOLIS,
*Defendant-Appellant.*

Washington County Circuit Court
21CR12624; A185089

Kathleen J. Proctor, Judge.

Submitted May 21, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anne Fujita Munsey, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Remanded for entry of judgment correcting post-prison supervision term on Count 3.

**HELLMAN, J.**

Defendant appeals from a judgment of conviction for eight counts of sexual abuse in the first degree, ORS 163.427, and one count of rape in the third degree, ORS 163.355. On appeal, he argues that the trial court erred in allowing the state to introduce evidence of defendant's uncharged sexual abuse of the victim in Mexico, in admitting two photographs of the victim, and in denying defendant's motion *in limine* to prohibit the state's witnesses from using the terms "disclose" or "disclosure." Finally, defendant argues, and the state concedes, that the trial court erred when it imposed 10 years of post-prison supervision on Count 3. We accept the concession and remand for resentencing. As to defendant's other assignments of error, we affirm.

*Evidence of uncharged conduct.* The uncharged conduct evidence that the trial court admitted included evidence that defendant began sexually abusing the victim when they lived in the same household in Mexico, that the victim was seven years old at the time, that the discovery of that abuse led to defendant's mother beating the victim, and that the discovery of the abuse led to a joint phone call between the victim's mother, defendant's mother, defendant, his brothers, and the victim. The court reasoned that the uncharged incident was relevant for non-propensity purposes under OEC 404 to show defendant's sexual predisposition towards the victim under *State v. McKay*, 309 Or 305, 308, 787 P2d 479 (1990), and was relevant to prove the charged conduct, that is, defendant's subsequent sexual abuse of the victim in Oregon during the following four years. The trial court also concluded that the evidence was admissible under OEC 403 because the probative value of the evidence was not outweighed by its unfairly prejudicial impact.

We review a trial court's decision to admit other-acts evidence under OEC 404 for errors of law. *State v. Baughman*, 361 Or 386, 406, 393 P3d 1132 (2017), *abrogated in part on other grounds by State v. Jackson*, 368 Or 705, 498 P3d 788 (2021). We "review the trial court's ultimate determination as to whether evidence is unfairly prejudicial under OEC 403 for abuse of discretion." *State v. Shaw*, 338 Or 586, 615, 113 P3d 898 (2005).

Defendant argues that *McKay* was wrongly decided, but because the *McKay* theory of admissibility as to sexual predisposition toward a specific victim is still valid, the trial court did not err in ruling that the evidence was admissible under OEC 404(3). *See, e.g. State v. Le, 327 Or App 129, 135-36, 534 P3d 1097, rev den, 371 Or 715 (2023) (rejecting similar argument).*

And, in the context of the facts of the case, we conclude that the trial court did not abuse its discretion in admitting evidence of the abuse that occurred in Mexico. Apart from its relevance on the sexual predisposition theory, the events that the discovery of the abuse triggered in the household were also relevant to the victim's reluctance to report the subsequent charged abuse to adults in her household. As to undue prejudice, defendant was charged with abusing the victim in Oregon over the course of four years when she was in third through sixth grade. In that context, testimony of essentially identical conduct one year earlier, when she was seven, would not have inflamed the jury or been unduly prejudicial. The trial court did not abuse its discretion in admitting it.

*Admission of victim's photographs.* In his second and third assignments of error, defendant argues that the trial court erroneously admitted two photographs of the victim that were taken around the time that the charged abuse took place because they were not relevant, OEC 401, and because the trial court improperly assessed their prejudicial effect under OEC 403 by focusing on the background of the photos. We review the trial court's relevance determinations for errors of law, *Baughman*, 361 Or at 406, and its admission of evidence under OEC 403 for abuse of discretion, *Shaw*, 338 Or at 615. We agree that the trial court did not err in concluding that the photographs were relevant because they showed the victim, who was 21 when she testified at trial, at age seven and age 12, and that they provided visual evidence of the victim's age during the time period of the charged conduct. And, although the trial court discussed the items in the background of the photograph in explaining its OEC 403 ruling, it also explained that the photographs showed "the characteristics of the child" in a manner that

was not likely to cause undue prejudice to defendant by provoking sympathy for the victim.

*Use of term "disclosure."* In his fourth assignment of error, defendant argues that the trial court erred by denying his pretrial motion to prohibit any witness from using the terms "disclose" or "disclosure" to refer to the victim's allegations of abuse. We review that ruling for legal error. *State v. Sperou*, 365 Or 121, 128, 442 P3d 581 (2019) (applying that standard).

In *State v. Solano*, 332 Or App 646, 655, 551 P3d 938, *rev allowed*, 372 Or 763 (2024), we explained that the term "disclosure" does not necessarily express that the disclosed information is true, rather, it "suggests that the information was not previously shared." We acknowledged that in some circumstances the term "disclosure" could constitute improper vouching, *id*. at 655 n 6, however, defendant assigns error to a blanket pretrial ruling and did not object to specific uses of the term at trial, s*ee Sperou*, 365 Or at 137 ("[O]ur review of a trial court's ruling is limited to the record as it had developed at the time of the ruling; we do not evaluate a court's pretrial decision with the benefit of hindsight by, for example, taking into account what happened at trial."). Accordingly, the trial court did not err.

*Post-prison supervision.* Finally, defendant contends, and the state correctly concedes, that the trial court erred by issuing a judgment imposing a term of post-prison supervision (PPS) on Count 3 that exceeds the amount that the court orally announced at sentencing and that causes his sentence on that count to exceed the statutory maximum. At the sentencing hearing, the court indicated that it was imposing a term of PPS of 10 years less time served. *See* ORS 144.103 (for qualifying sexual offenses, the post-prison supervision term is the maximum indeterminate sentence less time served in prison). The written judgment, however, imposes a PPS term on Count 3 of 10 years, without specifying that the term of PPS would be reduced by the time served pursuant to ORS 144.103. We remand for the trial court to enter a judgment with the correct, legally required, PPS term on Count 3.

Remanded for entry of judgment correcting post-prison supervision term on Count 3.